**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRANDON JAHMAR BALLARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-210-JHP-PJC |
| | ) | |
| LENORA JORDAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate appearing *pro se*. Respondent filed a response to the petition (Dkt. # 8). Respondent also provided state court records and trial transcripts (Dkt. #s 8 and 9) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 12). For the reasons discussed below, the Court finds the petition should be denied.

## BACKGROUND

In the early morning hours of January 17, 1999, Carlton James Peters and Andre L. Marshall were shot while they were in a car that had just pulled into the parking lot of the Escape Club, located in Tulsa, Oklahoma. Peters, the driver of the car, died as a result of a gunshot wound to the chest. Marshall, a passenger in the car, sustained gunshot wounds to the back, arm, and leg, but survived the shooting. Evidence recovered from the scene and from the victims indicated that at least twenty-two (22) shots were fired into the car from three (3) separate firearms. Based on information obtained from witnesses, Petitioner Brandon Ballard, along with Alonzo Tony Campbell and Erin Silmon, were arrested in connection with the shootings. They were charged in Tulsa

County District Court, Case No. CF-1999-277, with First Degree Murder (Count 1) and Shooting With Intent to Kill (Count 2).

Petitioner was sixteen (16) years old at the time of the shootings.  His attorney, Bret Jennings, filed a motion for certification as a youthful offender.  The motion was denied.  No appeal was taken to the Oklahoma Court of Criminal Appeals ("OCCA").  Sixteen (16) days after the trial court denied the motion for certification as a youthful offender, Petitioner's counsel was allowed to withdraw. See Dkt. # 9, Original Record at 101. Subsequently, attorney Robert Stubblefield was appointed to represent Petitioner. Petitioner's trial was severed from the trial of his co-defendants, Campbell and Silmon, who were tried jointly.[1] At the conclusion of a jury trial, held November 9-12, 1999, Petitioner was found guilty as charged. The jury recommended sentences of life imprisonment on Count 1, and twenty (20) years imprisonment and a fine of $10,000 on Count 2. On May 17, 2000, the trial court judge sentenced Petitioner in accordance with the jury's recommendation, ordering that the sentences were to be served consecutively.

Petitioner appealed his convictions and sentences to the OCCA. On appeal, Petitioner was represented by attorney G. Lynn Burch. He raised three (3) propositions of error as follows:

Proposition 1:  The evidence presented at trial was insufficient to support the convictions for murder and shooting with intent to kill because no rational trier of fact could have found beyond a reasonable doubt that Appellant was a principal to those crimes.

Proposition 2:  Appellant was denied the effective assistance of counsel based upon the failure to appeal the denial of his motion to be certified as a youthful offender.

---

[1] Campbell and Silmon were convicted on both Counts 1 and 2. They received sentences of life without the possibility of parole on the First Degree Murder conviction and life imprisonment on the Shooting With Intent to Kill conviction, to be served consecutively.  See www.oscn.net.

2

> Proposition 3:  Appellant was denied effective assistance of counsel due to trial counsel's failure to accept the instructions on lesser offenses offered by the trial court.

See Ballard v. State, 31 P.3d 390 (Okla. Crim. App. 2001). After remanding for an evidentiary hearing to allow the trial court to make findings of fact, the OCCA entered its published opinion, filed July 10, 2001, in Case No. F-2000-27, finding Petitioner's third proposition to be meritorious. Id. As a result, the OCCA reversed and remanded the matter for a new trial. Id. The OCCA also stated that "[t]he remaining propositions of error need not be addressed." Id.

Petitioner was retried January 14-18, 2002. Attorney Steven W. Vincent represented Petitioner.  At the conclusion of his second jury trial, Petitioner was again found guilty as charged. The jury recommended a sentence of life imprisonment and a fine of $10,000 on each count. On April 22, 2002, the trial court judge sentenced Petitioner in accordance with the jury's recommendation, with the sentences ordered to be served consecutively.

Petitioner appealed to the OCCA.  Represented by attorney Mark P. Hoover, Petitioner raised five (5) propositions of error, as follows:

> Proposition 1:  The trial court's refusal to give the jury instructions on Appellant's alternate theories of self-defense and defense of others denied Appellant a fair trial.

> Proposition 2:  Because there was no evidence of any intent to kill Andre Marshall, Mr. Ballard's conviction for shooting with intent to kill must be reversed.

> Proposition 3:  Trial counsel's failure to effectively advocate Appellant's case deprived Appellant of his right to counsel and resulted in a fundamentally unfair trial.

> Proposition 4:  Under the facts and circumstances of this case, the imposition of consecutive sentences was an abuse of discretion.

> Proposition 5: The cumulative effect of the errors deprived Appellant of a fair trial.

(Dkt. # 8, Ex. A).  In an unpublished summary opinion, filed July 23, 2003, in Case No. F-2002-608

(Dkt. # 8, Ex. C), the OCCA rejected Petitioner's claims and affirmed the judgment and sentences

of the trial court.

Petitioner filed an application for post-conviction relief in the trial court.  By order filed

August 24, 2004, the state district court identified Petitioner's post-conviction claims as follows:

1.   Petitioner was deprived of a direct appeal of the juvenile certification through no fault of his own, violative of Art. 1 Sec. 1, Art. 2 Secs. 367, Okla. Const., and the 1, 5, 6, 8, and 14th Amendments to the U.S. Const.

2.   Due Process appeal right punished by imposition of greater sentence following new trial. Violative of Art. 2 Sect. 7 Okla. Const., and 5, 6, and 14th Amendments to U.S. Const.

3.   Petitioner was deprived of effective assistance of trial counsel trial [sic] and at sentencing.

4.   Ineffective assistance of counsel on appeal.

See Dkt. # 8, Ex. D. The trial court denied post-conviction relief. Id. Petitioner appealed to the

OCCA.  By order filed January 24, 2005, in PC-2004-977, the OCCA affirmed the district court's

denial of post-conviction relief. See Dkt. # 8, Ex. E.

On April 19, 2005, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

He raises six (6) grounds of error, as follows:

Ground 1:   Petitioner (Ballard) was denied a direct appeal of the Juvenile certification hearing through no fault of his own.

Ground 2:   The trial court's refusal to give the jury instructions on petitioner's alternative theories of self defense and defense of others denied petitioner a fair trial.

Ground 3:   The evidence presented at trial was insufficient to support the convictions for murder and shooting with intent to kill.

Ground 4:   Petitioner was deprived of effective assistance of trial counsel.

4

Ground 5:       Petitioner was denied effective assistance of appellate counsel.

Ground 6:       The cumulative effect of the errors deprived appellant of a fair trial.

(Dkt. # 1).  In response to the petition, Respondent asserts that Petitioner's claims either lack merit

under 28 U.S.C. § 2254(d) or are procedurally barred  See Dkt. # 8.

## *ANALYSIS*

### A.   Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion

requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). The

Court finds that with the exception of Petitioner's claim challenging the sufficiency of the evidence

supporting the murder conviction, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in

this case.  Under § 2254(b)(2), the Court is authorized to deny habeas relief on an unexhausted

claim. As discussed below, the unexhausted claim lacks merit. Therefore, the Court will proceed

with review of Petitioner's claims despite the presence of an unexhausted claim.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Michael

Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claims adjudicated by the OCCA

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal

habeas relief only if the state decision "involved an unreasonable application of clearly established

Federal law, as determined by the Supreme Court of the United States" or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v.

Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, with the exception of the unexhausted

claim, asserted as part of ground 3, the OCCA adjudicated Petitioner's grounds 2, 3, 4, 5, and 6 on either direct or post-conviction appeal.  Therefore, those claims shall be reviewed pursuant to § 2254(d).

### 1. Refusal to give requested jury instructions (ground 2)

As his second proposition of error, Petitioner complains that the trial court erred in refusing to instruct the jury on his alternate theories of self-defense and defense of others. Petitioner raised this claim on direct appeal.  The OCCA rejected the claim, citing Al-Mosawi v. State, 929 P.2d 270, 283 (Okla. Crim. App. 1996), and finding that "[w]here the evidence does not reasonably support the defendant's theory of the case, the instructions should not be given." (Dkt. # 8, Ex. C).

A habeas corpus petitioner "bears a 'great burden . . . when [he] seeks to collaterally attack a state court judgment based on an erroneous jury instruction.'" Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir. 1993) (quoting Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir. 1990)). Where a petitioner challenges the trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error.  "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

The record reflects that Petitioner's counsel argued forcefully for the requested instructions pertaining to self-defense and defense of others, see Dkt. # 9, Tr. Trans. Vol. IV at 636-42, but that the request was denied by the trial court. Id. at 646. Petitioner contends that his jury should have been given the requested instructions and that the state court's refusal to give them deprived him of due process by preventing him from arguing his theory of the case to the jury.  To be entitled to a self-defense instruction under Oklahoma law, a defendant must demonstrate that he reasonably believed that use of deadly force was necessary to protect himself from imminent danger of death or great bodily harm.  See Okla. Stat. tit. 21, § 733(1); OUJI-CR 2d 8-46. Similarly, an instruction on the justifiable use of deadly force in defense of another is appropriate where the defendant reasonably believed that use of deadly force was necessary to protect specific persons from imminent danger of death or great bodily harm. See Okla. Stat. tit. 21, § 733(2); OUJI-CR 2d 8-2.

None of the evidence presented at trial suggested that Petitioner's actions were taken to protect himself or others from imminent danger of death or great bodily harm. Instead, the evidence demonstrated that Petitioner fired five (5) rounds from a 9 mm handgun into the back of the green Monte Carlo vehicle driven by the murder victim, Carlton Peters.  Nothing suggested he fired his gun in the direction of the other two shooters, Tony Campbell and Aaron Silmon.  This Court agrees with the OCCA's determination that the instructions were not warranted because the evidence did not reasonably support Petitioner's theory of the case.  Furthermore, even had there been sufficient evidence to warrant the self-defense and/or defense of others instructions, Petitioner is required to demonstrate that under the circumstances of his case, the failure to give the instructions rendered the trial so fundamentally unfair as to rise to the level of a due process violation. Maes, 46 F.3d at 985 (citing Nickerson v. Lee, 971 F.2d 1125, 1138 (4th Cir.1992) (failure to give self-defense

7

instruction even where sufficient evidence to warrant it did not rise to due process violation)). Under the facts and circumstances of this case, the trial court's refusal to give the requested instructions did not rise to the level of a due process violation. The Court concludes that the Petitioner has failed to show entitlement to habeas corpus relief under 28 U.S.C. § 2254(d). Therefore, habeas corpus relief on this claim should be denied.

### 2. *Sufficiency of the evidence (ground 3)*

As his third proposition of error, Petitioner alleges that the evidence presented at trial was insufficient to support the convictions for First Degree Murder and Shooting With Intent to Kill. Petitioner raised a challenge to the sufficiency of the evidence supporting his conviction for shooting with intent to kill on direct appeal.  The OCCA rejected the claim, finding as follows:

> [w]hen both direct and circumstantial evidence is [sic] presented at trial, the test is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202. The evidence presented by the State was sufficient to sustain the jury's verdict with regard to Count 2 and Proposition Two is denied. *See e.g., Freeman v. State*, 1994 OK CR 37, ¶ 11, 876 P.2d 283, 287 (design to effect death may be formed in an instant and the law infers such a design when the killing occurs); *Conover v. State*, 1997 OK CR 6, ¶ 18, 933 P.2d 904, 910-911 (only slight participation is needed to change a person's status from a mere spectator into an aider and abettor); *Short v. State*, 1999 OK CR 15, ¶ 44, 980 P.2d 1081, 1098, *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000) (When a person acts with an intent to kill one person, but instead hurts another, the law considers him just as guilty as if he had actually hurt/killed the person intended.) Further, the plain language of 21 O.S.2001, § 652 contemplates the doctrine of transferred intent apply [sic] in circumstances such as those presented in this case.

(Dkt. # 8, Ex. C).  Petitioner has never presented a claim to the state courts challenging his First Degree Murder conviction and, as a result, the claim is unexhausted.  However, as discussed below, the claim lacks merit and shall be denied under § 2254(b)(2).

As to Petitioner's challenge to the sufficiency of the evidence supporting his conviction of Shooting With Intent to Kill, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)."[2] Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001). Under either standard, Petitioner's exhausted claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must

---

[2]The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, amended the standard applicable to habeas review of state court adjudications of constitutional claims.

9

decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of <u>Jackson</u>. <u>See</u> 28 U.S.C. § 2254(d)(1); <u>Spears v. Mullin</u>, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

As to the sufficiency of the evidence supporting the First Degree Murder conviction, the Court will review of the evidence in the light most favorable to the State to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson</u>, 443 U.S. at 319.

This Court looks to Oklahoma law for the substantive elements of Shooting With Intent to Kill applicable to the sufficiency of the evidence standard. <u>See</u>, <u>e.g.</u>, <u>Spears</u>, 343 F.3d at 1238; <u>see also</u> <u>Jackson</u>, 443 U.S. at 324 n.16. At the time of Petitioner's offenses, Oklahoma law provided the elements of Shooting With Intent to Kill, as follows: First, intentional and wrongful; second, discharging a firearm; third, with the intent to kill any person.  Okla. Stat. tit. 21, § 652(A) (Supp. 1999); OUJI-CR 2d 4-4.  A person commits First Degree Murder when "that person unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." Okla. Stat. tit. 21, § 701.7(A). A jury may infer intent from a defendant's objective acts.  <u>See</u> <u>Torres v. Mullin</u>, 317 F.3d 1145, 1154 (10th Cir. 2003) (citing <u>Wingfield</u>, 122 F.3d at 1333). "[E]ven when a defendant, as here, denies having the requisite intent, a jury may disbelieve the defendant if his words and acts in the light of all the circumstances make his explanation seem improbable." <u>Wingfield</u>, 122 F.3d at 1333 (quotation omitted).

The evidence supporting Petitioner's convictions was strong. The jury heard testimony indicating that a white Le Sabre occupied by Tony Campbell and Aaron Silmon pulled into an

entrance to the Escape Club parking lot beyond the entrance used by the victims' vehicle and blocked the forward progress of the victims' vehicle.  See Dkt. # 9, Tr. Trans. Vol. III at 463, 477-78, 480.  Petitioner pulled his vehicle into the parking lot behind the victims' vehicle blocking its retreat. Id. at 463, 479.  All three shooters, Tony Campbell, Aaron Silmon, and Petitioner, exited their vehicles and fired handguns into the driver's side of the victims' vehicle. Id. Vol. II at 279, 280-82. As to Petitioner's specific role in the shootings, the jury heard testimony from a witness who saw the driver of the maroon car, Petitioner, fire a handgun in the direction of the victims' vehicle. Id. at 280-81. The passenger in Petitioner's vehicle, Deaundre Dickerson, saw Petitioner get out of the vehicle and heard loud gunshots.  Id. Vol. III at 367. A total of 22 shell casings were recovered and submitted for analysis, eight (8) .45 caliber bullets, nine (9) 9mm shell casings, and five (5) 9mm aluminum casings.  Id. Vol. IV at 622. Both cars containing the shooters left the scene immediately after the gunshots were fired. Id. Vol. II at 282-83. Tulsa Police Officer Ronald Jones testified that he searched the maroon Delta 88 driven by Petitioner the night of the shootings and found three (3) spent 9 mm cartridges near the base of the windshield of the car. Id. Vol. IV at 593. He also observed a fresh "bullet strike" on the hood of the car. Id. at 596. The white Buick LeSabre driven by Tony Campbell had no bullet strikes. Id. at 591-92. Petitioner's actions, coupled with the large number of shots fired into the vehicle supports the intent element required for both First Degree Murder and Shooting With Intent to Kill.

The Court concludes that, when viewed in a light most favorable to the State, the evidence was sufficient to allow the jury as a rational trier of fact to have found the essential elements of the crimes beyond a reasonable doubt.  Petitioner has failed to demonstrate that the OCCA's resolution of his challenge to the sufficiency of the evidence supporting the Shooting With Intent to Kill

conviction was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). <u>See</u> <u>Dockins v. Hines</u>, 374 F.3d 935, 939 (10th Cir. 2004) (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). Nor has Petitioner established entitlement to habeas relief on his challenge to the sufficiency of the evidence supporting the First Degree Murder conviction. <u>See</u> 28 U.S.C. § 2254(b)(2). As a result, the Court finds habeas corpus relief should be denied on Petitioner's claim challenging the sufficiency of the evidence.

### 3. *Ineffective assistance of trial counsel (ground 4)*

As his fourth ground of error, Petitioner claims that he was deprived of effective assistance of counsel. <u>See</u> Dkt. # 1. Specifically, he claims that the State "wholly failed to properly connect Petitioner to the commission of these crimes, and trial counsel should have been prepared to point these facts out to the Court (prior to trial) or at trial (before the jury), and his failure to do so was a denial of effective assistance of counsel." <u>See</u> Dkt. # 1 at 23. Petitioner claims that evidence presented at his first trial demonstrated that none of his bullets hit either victim, and that had his attorney argued that point, he would have been exonerated of First Degree Murder and Shooting With Intent to Kill. <u>Id.</u> at 24. The OCCA rejected this claim on direct appeal, finding as follows:

> We have reviewed the record of trial counsel's performance and the allegations raised and also find Proposition Three is without merit. Appellant simply has not shown his trial counsel's performance was deficient or that the results of the proceedings would have been different if trial counsel had acted differently. Appellant has failed to meet his burden of proving his trial counsel was ineffective. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Glossip v. State*, 2001 OK CR 21, ¶ 11, 29 P.3d 597, 600 (burden is on the accused to demonstrate both a deficient performance and resulting prejudice).

(Dkt. # 8, Ex. C at 3).

12

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the performance prong of the Strickland standard. As discussed above, the evidence supporting Petitioner's guilt was strong.  Furthermore, even if none of Petitioner's bullets hit either victim, he is not exonerated of the crimes of which he was convicted. See Young v. Sirmons, 486 F.3d 655, 671 (10th Cir. 2007) (stating that "Oklahoma law permits a conviction of First Degree Murder (aider and abettor) even if another shooter fired the fatal shot, so long as [the defendant] also fired bullets at the victim"). Nothing asserted by Petitioner

13

demonstrates that the results of his trial would have been different had his attorney made the arguments identified herein. Thus, Petitioner has failed to satisfy the prejudice prong of the Strickland standard. Under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief on this claim.

### 4.  *Ineffective assistance of appellate counsel (ground 5)*

As his fifth proposition of error, Petitioner asserts that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his convictions, failing to raise an ineffective assistance of trial counsel claim based on the failure to appeal the denial of his motion to be certified as a youthful offender, and failing to file a petition for rehearing "to point out the conflicting opinions of the appellate court and its departure from the accepted and usual course of judicial proceedings as to call for an exercise of the appellate court's supervisory power." See Dkt. # 1 at 26. On post-conviction appeal, the OCCA rejected this claim of ineffective assistance of appellate counsel. Although the OCCA cited Strickland v. Washington, 466 U.S. 668, 687 (1984), the court based its conclusion on the legal premise that "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default."  See Dkt. # 8, Ex. E at 2. That premise deviates from the controlling federal standard.  See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003).  As a result, the OCCA's analysis of Petitioner's claim of ineffective assistance of appellate counsel is not entitled to deference on federal habeas corpus review.  Id. at 1205; Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005). Therefore, this Court will conduct a *de novo* review of Petitioner's ineffective assistance of appellate counsel claim for failing to raise the claims identified above.

14

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. In this case, the Court will examine the underlying claim that Petitioner was convicted in violation of Oklahoma law.

The Court has rejected herein two of the three claims underlying Petitioner's claim of ineffective assistance of appellate counsel. As a result, appellate counsel's failure to raise those claims, challenging the sufficiency of the evidence (see Part B(2), above), and trial counsel's failure to appeal the denial of the motion to certify as a youthful offender (see Part C, below), was not deficient performance since the claims lack merit. The Court further finds Petitioner has failed to demonstrate that appellate counsel performed deficiently in failing to file a petition for rehearing after the OCCA affirmed his convictions and sentences on direct appeal. Petitioner's claim in this regard is conclusory, at best. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims and stating that "we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without

15

supporting factual averments").  The Court concludes, therefore, that Petitioner is not entitled to

habeas corpus relief on his claim of ineffective assistance of appellate counsel.

### 5.  *Cumulative error (ground 6)*

As his sixth proposition of error, Petitioner asserts that the cumulative effect of trial errors

deprived him of a fair trial.  See Dkt. # 1 at 31.  The OCCA rejected this claim, citing Gilson v.

State, 8 P.3d 883, 929 (Okla. Crim. App. 2000), and finding that "[a]ppellant has not identified any

error which warrants relief individually, so the accumulation of error argument in Proposition Five

is also without merit."  See Dkt. # 8, Ex. C.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is

applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116

(10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d

1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)).

Having rejected each of Petitioner's habeas claims, the Court finds no basis for a cumulative error

analysis. The OCCA's resolution of Petitioner's cumulative error claim was not an unreasonable

application of federal law.  Petitioner is not entitled to relief on this ground.

### C.  Failure to appeal denial of motion to certify as a youthful offender

As his first proposition of error, Petitioner asserts that he was denied the right to appeal to

the OCCA from the district court's denial of his motion to be certified as a youthful offender due

to ineffective assistance of counsel. Petitioner raised this claim in his application for post-conviction

relief.[3] In affirming the district court's denial of post-conviction relief, the OCCA addressed the

---

[3]Petitioner also raised this claim in the direct appeal following his first jury trial.  As indicated in the "Background" section above, the OCCA reversed and remanded the case for a new trial after finding merit in Petitioner's claim of ineffective assistance of trial counsel for failing to

merits of Petitioner's ineffective assistance of appellate counsel claim, but, as discussed above, applied the wrong standard.  See Dkt. # 8, Ex. E.  The OCCA also determined that all of Petitioner's other post-conviction claims either were raised, or could have been raised, in his direct appeal, and, as a result, those claims were either waived or barred by *res judicata*. Id. In response to the petition, Respondent asserts that because Petitioner failed to raise this claim on direct appeal, it is procedurally barred.  See Dkt. # 8.

Ordinarily, this Court will not consider an issue that has been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir.1998); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). The Tenth Circuit has held that in the interest of efficiency, however, a court can "avoid deciding procedural bar questions where claims can readily be dismissed on the merits." Brown v. Sirmons, 515 F.3d 1072, 1093 (10th Cir. 2008) (citing Snow v. Sirmons, 474 F.3d 693, 717 (10th Cir.2007)). In light of the procedural complexities associated with Petitioner's claim of ineffective assistance of counsel in failing to appeal from the denial of his motion to certify as a youthful offender, the Court finds that in the interest of efficiency, Petitioner's claim can be more readily addressed and disposed of on the merits.

---

accept the instructions on lesser included offenses as offered by the trial court.  See Ballard v. State, 31 P.3d 390 (Okla. Crim. App. 2001).  The OCCA declined to address the remaining propositions of error, including Petitioner's claim of ineffective assistance of counsel for failing to appeal the denial of the motion to certify as a youthful offender. Id. That ruling implies a determination by the OCCA that the claim lacked merit. The claim was not raised again until Petitioner's application for post-conviction relief.

Petitioner contends that his original attorney,[4] Bret Jennings, provided ineffective assistance in failing to appeal the trial court's denial of his motion to certify as a youthful offender.  The record demonstrates that at the conclusion of the preliminary hearing, Mr. Jennings made the following statements:

MR. JENNINGS:     For the record, Judge, because of what discussions we had had previously back in chambers concerning the ability of us to appeal this directly and possibly still have the option of renewing this upstairs, if it is necessary, I certainly do not want to have passed up the opportunity to state it is our intent to appeal, and we do not want to lose our ability to do that just by missing that statement in the record if it is required.

THE COURT:     Thank you, sir.

* * * *

MR. JENNINGS:     Judge, are you wishing to make those exhibits a part of the record or --

THE COURT:     Yes. They should be kept with the reporter since this is a final order and appealable as such.

See Dkt. # 9, Trans. dated May 12, 1999, at 45-46.  Despite his stated intention to appeal the district court's ruling, Mr. Jennings did not perfect an appeal.  Petitioner states that "[t]he withdrawal of counsel (Bret Jennings) almost immediately following the certification hearing and the bind over determination based upon the Ballard family's inability to pay indicates that this was a decision perhaps based upon considerations other than the best interests of the client."  See Dkt. # 1, Brief in Support at 9. Significantly, Petitioner does not assert and nothing in the record indicates that he

---

[4]Five (5) different attorneys provided representation for Petitioner, from pretrial proceedings through the conclusion of the direct appeal from his second jury trial.

instructed Mr. Jennings to perfect an appeal from the denial of the motion to certify as a youthful offender.[5]

Petitioner now claims he was denied an appeal from the denial of his motion to certify as a youthful offender through no fault of his own. Since nothing in the record indicates that Petitioner instructed Mr. Jennings to appeal the trial court's ruling, this claim does not involve counsel's failure to file a requested appeal and the principle of presumptive prejudice does not apply. See Roe v. Flores-Ortega, 528 U.S. 470, 485 (2000) (stating defendant who was deprived of a direct appeal after instructing counsel to file a direct appeal "was entitled to a new appeal without any further showing"). Because the presumed prejudice standard does not apply, Petitioner must satisfy the prejudice prong of the Strickland standard, as discussed above, to establish ineffective assistance of trial and appellate counsel.

Petitioner alleges that "he was in fact a proper candidate for certification as a youthful offender."  See Dkt. # 1 at 5.  He relies on the Certification Evaluation report submitted by psychologist Daniel Stockley. See Dkt. # 9, Trans. dated May 12, 1999, attached Ex. 10. In his report, Dr. Stockley wrote that,

> Brandon could be considered by the courts as a candidate for Youthful Offender status. His age of 16 years and 10 months combined with his lack of previous formal clinical services would suggest that he may in fact be capable of taking advantage of the benefits of youthful offender status vis-a-vis adult status in the criminal justice system.

---

[5]In fact, the original state court record provided by Respondent contains the motion to withdraw filed by Mr. Jennings.  See Dkt. # 9, Original Record at 99.  In support of his motion, Mr. Jennings stated that "Defendant and his family have decided, after consulting with attorney, that it is in his best interest to not appeal the Special District Judge's Ruling in which he was denied Certification as a Juvenile and/or Youthful Offender."  Id. at 99-100.

Id. Petitioner cites C.L.F. v. State, 989 P.2d 945 (Okla. Crim. App. 1999) in support of his claim, asserting that his case "bears striking similarities" to C.L.F.  See Dkt. # 1 at 7.  In C.L.F., the OCCA determined that the state district court's denial of the defendant's motion to certify as a youthful offender was an abuse of discretion.  The OCCA's ruling was premised on evidence that the public could be protected and that the defendant, charged with First Degree Murder, was amenable to rehabilitation. The OCCA determined that the evidence was more than sufficient to rebut the presumption that the defendant, aged 14.8 years at time she was charged, should have been prosecuted as adult, where the state presented no contradictory evidence, the defendant was not alleged to have been the shooter and was alleged to have been involved in the homicide in a collateral manner only, and had virtually no prior contacts with law enforcement or juvenile or criminal courts except for times she was reported as a runaway.  C.L.F., 989 P.2d at 947.

In direct contrast to Petitioner's assertion, however, the instant case is clearly distinguishable from C.L.F..  The transcript of Petitioner's preliminary hearing, see Dkt. # 9, Trans. dated May 12, 1999, reflects that the State presented evidence supporting its position that Petitioner, although he was only 16 years old at the time of the shooting, did not qualify for certification as a youthful offender.  Aaron Andrews, Petitioner's probation counselor from Tulsa County Juvenile Bureau, testified that Petitioner had significant prior contacts with the Juvenile Bureau, had more than 20 probation violations, and rarely participated in treatment programs despite the programs' availability. See id. at 10-12, 16, 32-33. Furthermore, unlike the facts in C.L.F., the State alleged that Petitioner was one of the shooters and was directly involved in the homicide of Carlton Peters and injury of Andre Marshall.  The Court specifically rejects Petitioner's argument presented in support of this habeas claim that he was involved in the homicide "in a collateral manner" because "the

20

evidence showed that he did not fire the shot that killed (Carlton Peters)." See Dkt. # 1, Brief in Support at 8. While it is true that the evidence presented at trial demonstrated that the shot that killed Peters was fired from a .45 caliber handgun and Petitioner shot a 9mm handgun, that evidence does not suggest that Petitioner's involvement was collateral only. At the conclusion of the hearing on the motion to certify as a juvenile or youthful offender, the trial court judge found that "based on the prior testimony at the preliminary hearing that the State has presented sufficient evidence to prove that the defendant has committed the felony offenses of murder in the first degree and shooting with intent to kill." See Dkt. # 9, Trans. dated May 12, 1999, at 44.

The transcript from the preliminary hearing demonstrates that the trial court applied the seven (7) factors identified in Okla. Stat. tit. 10, § 7306-2.5, to conclude that Petitioner was not a candidate for the youthful offender program. See Dkt. # 9, Trans. dated May 12, 1999, at 42-44. The court found that the crimes were violent and premeditated, were against persons, and that Petitioner had extensive past charges and contacts with the juvenile system. As a result, factors 1-3 weighed against Petitioner. The fourth factor, sophistication and maturity, weighed against Petitioner based on Dr. Stockley's finding that Petitioner's sophistication and maturity level was above his chronological age. The fifth and sixth factors, prospects for public protection and for rehabilitation, weighed against Petitioner based on his history of lack of cooperation. The seventh factor weighed in favor of Petitioner because the crimes were not committed while he was on escape status. Thus, 6 of the 7 factors weighed against Petitioner. For that reason, the district court denied the motion to certify as a youthful offender.

In this action Petitioner has failed to provide any evidence suggesting that the ruling by the district court was based on erroneous information or was otherwise an abuse of discretion. As a

result, he has failed to demonstrate a reasonable probability that he would have succeeded on appeal had trial counsel appealed the ruling. <u>Strickland</u>, 466 U.S. at 694. Therefore, trial counsel did not provide ineffective assistance in failing to appeal the district court's ruling. Furthermore, Petitioner's claim of ineffective assistance of appellate counsel for failing to raise the ineffective assistance of trial counsel claim on appeal also lacks merit.  Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of counsel for failing to challenge the denial of the motion to certify as a youthful offender.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.


**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2.      A separate Judgment shall be entered in this case.


DATED THIS 25th day of March, 2009

James H. Payne
United States District Judge
Northern District of Oklahoma